IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHNNIE LEE BURKETT,

      Plaintiff,

v.                           CASE NO. 1:20-cv-164-MW-GRJ

ALACHUA COUNTY
SHERIFF'S DEPT.,
 et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint

pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed as a

pauper.  ECF No. 4.  The Court screened the Complaint pursuant to the *in*

*forma pauperis* statute, 28 U.S.C § 1915, which provides that the Court

may dismiss a case at any time if the Court determines that the allegation

of poverty is untrue, or the action is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief.   28 U.S.C § 1915(e)(2).  The

Court concluded, among other things, that the Complaint is an

impermissible "shotgun" pleading and that it was impossible to determine

the nature of Plaintiff's underlying cause of action.  The Court therefore

ordered Plaintiff to file an amended complaint on or before November 2,

2020.  Plaintiff was warned that failure to comply could result in a

recommendation that this case be dismissed without further notice.  ECF

No. 4.

Plaintiff failed to comply with the order to file an amended complaint,

and the Court ordered him to show cause as to why this case should not be

dismissed for failure to prosecute and failure to comply with an order of the

Court.  ECF No. 5.  This case is now before the Court on ECF No. 6,

Plaintiff's response to the show-cause order.  Plaintiff requests a meeting

with the Court so that he can present his claims and evidence in person.

ECF No. 6.  Plaintiff has neither filed an amended complaint nor offered

any reasons why he is unable to do so.

In order to prosecute a case in federal court, Plaintiff must file a

complaint.  *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a

complaint with the court.").  Since Plaintiff is proceeding *in forma pauperis,*

any complaint he files is subject to the pre-service screening provisions of

28 U.S.C. § 1915(e)(2).  Plaintiff, like all other litigants, is required to

comply with the rules that govern claims filed in federal court.  There is no

basis for the Court to conduct an in-person hearing with Plaintiff at this

stage of his case.  Because Plaintiff has not shown cause for his failure to

file an amended complaint in accordance with the Court's order, this case

is due to be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that this case be

**DISMISSED** for failure to comply with an order of the Court and failure to

prosecute.

**IN CHAMBERS**  this 20th day of November 2020.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.